We have looked into the authorities in Salk., 660; Doug., 193, 665; Cowp., 229; 1 Term, 235; 2 H. P. C., 436, s. 36. The result of these cases seem to be that any, the least, variance in the description of a record is fatal; and as to things written, that they may be described two ways — either by the tenor or according to the substance. When described by the tenor, the very words must be followed; but the omission of a letter, not altering the word to another, is not fatal. If you described the thing written by its substance and effect, then you need not set down the very words written; but if you describe the same sense and meaning, it will do. As to the words spoken, there can be no tenor of them, and therefore where the sense and meaning of the words set down in the indictment is precisely the same with those proven in the evidence, though not the very same words, such evidence will support the indictment; but then the meaning must be evidently and clearly the same, without the help of any implication or anything extrinsic. The oath charged to be sworn is that Gatling did not interrupt the constable in driving the cattle to Gatling's house: the evidence is, he swore Gatling did not assist in driving the cattle from the officer. The words contained in the evidence are not necessarily of the same sense and meaning with those laid. Therefore, let the judgment be arrested. And it was arrested. Vide L. R., 1515; 2 Stra., 787.
See S. v. Coffey, 4 N.C. 694, and Whitaker v. Freeman, 12 N.C. 271.
Cited: S. v. Groves, 44 N.C. 405. *Page 370